# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CARLOS B. SINGLETON, <br> AIS 186888, | ) <br> ) <br> ) |
| Petitioner, | ) <br> ) |
| vs. | )     CA 19-0505-CG-MU <br> ) |
| WARDEN MARY COOKS, | ) <br> ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Carlos B. Singleton, a state prisoner who was in the custody of the respondent at the time he filed his petition, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) This matter has been referred to the undersigned for the entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and General Local Rule 72(a)(2)(R). It is recommended that the instant petition be dismissed as time-barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations period contained in 28 U.S.C. § 2244(d).

## PROCEDURAL HISTORY

Singleton was indicted for sexual abuse of a child less than twelve years old, in violation of § 13A-6-69.1 of the Alabama Code, on September 24, 2010. (Doc. 8-1 at p. 2). On February 29, 2011, he pled guilty to attempted sexual abuse of a child less than twelve years old, in violation of §§ 13A-4-2 and 13A-6-69.1 of the Alabama Code, in the Circuit Court of Mobile County, Alabama. (*Id*. at p. 13). On March 28, 2011, Singleton

was sentenced to 15 years imprisonment, split to serve one year, followed by five years of supervised probation. (*Id*. at pp. 14-15). Singleton did not appeal. (*Id*. at pp. 3-4).

On September 26, 2014, a delinquency report was filed alleging that Singleton had violated the terms of his probation for multiple reasons, including testing positive for cocaine use. (*Id*. at pp. 21-22). After a hearing, the Circuit Court entered an order, on November 6, 2014, revoking Singleton's probation and ordering him to serve the balance of his sentence. (*Id*. at pp. 19-20). Singleton appealed the revocation, and the Alabama Court of Criminal Appeals initially reversed the revocation, finding that his original sentence was illegal because he was not eligible for probation and that, therefore, the trial court lacked jurisdiction to revoke his probation. (Docs. 8-2; 8-4). The State filed an application for rehearing, which was granted on September 18, 2015. (Doc. 8-5). The Court of Criminal Appeals withdrew its earlier opinion and issued a new opinion finding that Singleton was eligible for parole and affirming the trial court's decision to revoke that probation. (Doc. 8-6). Thereafter, Singleton filed his own application for rehearing, which was overruled. (Docs. 8-7; 8-8). The Alabama Supreme Court initially granted certiorari but subsequently quashed the writ and issued a certificate of judgment on May 13, 2016. (Docs. 8-9 through 8-14).

Singleton filed his first Rule 32 petition on August 11, 2016. (Doc. 8-16 at p. 5). The Circuit Court summarily dismissed the petition. (*Id*. at p. 6). On April 17, 2017, the Alabama Court of Criminal Appeals dismissed his appeal as untimely filed. (Doc. 8-15). There is no record of Singleton petitioning the Alabama Supreme Court for review. A certificate of judgment was issued by the Court of Criminal Appeals on April 17, 2017. (Docs. 8-15; 8-16 at p. 7).

Singleton executed his second Rule 32 petition on June 22, 2017, and it was filed in the Circuit Court of Mobile County on June 29, 2017. (Doc. 8-16 at pp. 16-30). Singleton based his petition on his assertion that the trial court was without jurisdiction to render judgment because his indictment was amended to allege an offence that was not included in the original indictment. (*Id*.). He also alleged that his sentence was illegal for the same reason. (*Id*.). The Circuit Court dismissed his petition on September 18, 2017, finding that the issues could have been raised at trial, in the first Rule 32 petition, or on appeal and also finding that his claim was without merit. (*Id*. at pp. 42-46). Singleton appealed the Circuit Court's dismissal to the Alabama Court of Criminal Appeals on October 1, 2017. (*Id*. at pp. 47-48). The Court of Criminal Appeals affirmed the trial court on the grounds that the claims asserted in his petition were without merit. (Doc. 8-19). Singleton filed an application for rehearing on February 15, 2018, which was overruled by the Court of Criminal Appeals on March 23, 2018. (Docs. 8-20; 8-21). On May 11, 2018, the Alabama Supreme Court denied his petition for a writ of certiorari. (Docs. 8-22; 8-23).

Singleton filed a third Rule 32 petition in the trial court on June 12, 2018, asserting (1) that the prosecutor engaged in prosecutorial misconduct by prosecuting his case because the charge was not supported by probable cause; (2) that evidence against him was seized after an invalid arrest that was not supported by probable cause; and (3) that the circuit court failed to comply with the mandatory requirements of § 15-15-20, *et. seq*. of the Code of Alabama (1975), specifically the requirement that there be a three-day waiting period between the filing on an information and the taking of a guilty plea. (Doc. 8-24 at pp. 9-11). On August 20, 2018, Singleton filed a motion to

amend his petition to add a claim for ineffective assistance of trial counsel. (*Id*. at pp. 36-38). On August 28, 2018, the trial court denied his motion to amend and, on the same day, summarily dismissed the petition on the grounds that it did not raise jurisdictional claims and was therefore time-barred; it was precluded as successive; and it failed to state a claim with the required specificity or stated a claim that was without merit. (*Id*. at pp. 41-47). The Court of Criminal Appeals affirmed the circuit court's summary dismissal for the same reasons. (Doc. 8-27 at pp. 1-10). The Court of Criminal Appeals entered a certificate of judgment on May 10, 2019. (Doc. 8-31).

On August 5, 2019, Singleton executed the instant federal habeas corpus petition, and it was filed the in this Court on August 8, 2019. (Doc. 1). This is his first federal § 2254 petition challenging his 2011 guilty plea and sentence. (*Id.*).

## **PETITIONER'S CLAIMS**

In his petition, Singleton raises several claims. First, he claims that his sentence is illegal because it exceeds the maximum sentence authorized by Alabama law. (Doc. 1 at p. 15). Second, Singleton claims that his federal constitutional rights were violated due to prosecutorial misconduct. (*Id*. at p. 17). His third claim is that his constitutional rights have been violated because he entered into an illegal plea agreement for an offence for which he was not indicted and that does not exist under Alabama law. (*Id*. at p. 19).

## **CONCLUSIONS OF LAW**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996, and pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners

must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *See Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998). Section 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), the timeliness of a petitioner's habeas petition must be calculated based upon the date on which his conviction becomes final "by the conclusion of direct review or the expiration of time for seeking such review[.]" Singleton did not file an appeal of his conviction upon his guilty plea or sentence; therefore, his limitations period under §2244(d)(1)(A) began to run on May 9, 2011, upon the expiration of the forty-two day period allowed by Alabama law to file a timely appeal. *See McCloud v. Hooks*, 560 F.3d 1223, 1228-29 (11th Cir. 2009) (citing Ala. R. App. P.

4(b)(1)). Thus, the limitations period to file a timely § 2254 habeas petition expired on May 9, 2012, more than seven years before Singleton filed the instant habeas corpus petition. His § 2254 petition in this Court is, thus, not timely under § 2244(d)(1).

Neither of the available tolling avenues saves Singleton's untimeliness in this case. Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Singleton filed three Rule 32 petitions in state court. He filed his first Rule 32 petition on August 11, 2016, more than four years after the limitations period for Singleton to file a petition under § 2254 expired. Therefore, he "is unable to take advantage of the tolling provision built into § 2244(d) … because he filed his Rule 32 state collateral attack on his conviction and sentence following the expiration of the limitations period." *Coker v. Mitchem*, CA 09-0766-CG-C, 2010 WL 1486965, at * 6 (S.D. Ala. Mar. 11, 2010) (internal citations omitted); *see also McCloud*, 560 F.3d at 1227 (holding that Rule 32 cannot toll the one-year limitations period if that period expired prior to filing of the motion).

Accordingly, the only avenue by which this Court could possibly consider the merits of the instant § 2254 petition is by finding that Singleton is entitled to equitable tolling of AEDPA's one-year limitations period, or, otherwise, by finding that he has established his factual innocence of the crime for which he pled guilty and was sentenced. In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court specifically held, for the first time, that "§ 2244(d) is subject to equitable tolling in appropriate cases[,]" *id.* at 645, and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only

if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649. For its part, the Eleventh Circuit has long embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Sec'y for the Dep't of Corr.*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted).

"Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted). Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."). Singleton has not established that the instant habeas corpus petition was timely filed nor has he attempted to establish extraordinary circumstances and due

diligence necessary to support equitable tolling of the limitations period. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'").

A federal court can also consider the merits of an untimely § 2254 motion if the petitioner establishes that he is factually innocent of the crime for which he was convicted. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court specifically held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Singleton has not attempted to nor made a showing of actual innocence, which would be futile in this case in which he entered a guilty plea. Thus, he cannot take advantage of the actual innocence gateway recognized in *McQuiggin*.

In short, this Court concludes that this is not one of those rare cases in which principles of equitable tolling can save Singleton from AEDPA's one-year limitations period, nor has he established his actual innocence of the offenses for which he pled guilty and was sentenced. Thus, the undersigned recommends that the §2254 petition filed by Singleton on August 8, 2019 (Doc. 1) be dismissed because it is time-barred.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. §

2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). In the instant case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Singleton should be allowed to proceed further, *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, at *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted by* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## **CONCLUSION**

The undersigned Magistrate Judge recommends that the petition for writ of habeas corpus filed by Petitioner Carlos B. Singleton, pursuant to 28 U.S.C. § 2254, be dismissed as time-barred under § 2244(d). Singleton is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh

Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

  **DONE** this the **17th** day of **December, 2021**.

          s/P. BRADLEY MURRAY
          **UNITED STATES MAGISTRATE JUDGE**